1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MEDINA,<br><br>                               Petitioner,<br><br>          v.<br><br>R. HERNANDEZ, Warden, et al.<br><br>                               Respondents. | Civil No.    09CV1861-MMA (POR)<br><br>**REPORT AND RECOMMENDATION THAT PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED AND RESPONDENTS' MOTION TO DISMISS DENIED AS MOOT**<br><br>**[Document No. 6]**<br>**[Document No. 11]** |

## I.      INTRODUCTION

On August 26, 2009, petitioner, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. §2254.  The petition claimed respondents denied petitioner his Fourteenth Amendment right of access to courts by losing his trial transcripts and other legal materials.  The petition further states that respondents' actions left petitioner unable to collaterally attack his state court conviction in a timely manner.

On September 14, 2009, the Honorable Michael M. Anello dismissed the petition *sua sponte* on the ground that an access to courts claim is not cognizable as a federal habeas claim and granted petitioner leave to amend.  (Doc. No. 4.)  Petitioner filed a First Amended Petition ("FAP") on September 28, 2009 and realleged the access to courts claim.  (Doc. No. 6.)  Respondent filed a Motion to Dismiss the FAP on December 21, 2009 on the grounds that petitioner failed to exhaust

state court remedies and failed to state a claim upon which relief can be granted. (Doc. No. 11.)
Petitioner filed an Opposition on January 20, 2010 and averred the access to courts claim had been
properly exhausted in state court. (Doc. No. 14.) Petitioner also requested a new form of relief in
his opposition, specifically that the Court find petitioner entitled to equitable tolling of the one year
time limit mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## II.    FACTUAL BACKGROUND

The following facts are stated in petitioner's FAP and Opposition. Petitioner is currently
imprisoned at the California State Prison- Sacramento. (Doc. 6 at 13.) On June 30, 2005, the
Superior Court of California convicted petitioner of felony robbery and the unlawful taking of a
vehicle. (Doc. 6 at 2. ) Ultimately, petitioner decided to collaterally attack his conviction in federal
court. (Doc.14 at 3.)  At that time, petitioner was imprisoned at the Richard J. Donovan
Correctional Center ("RJDCC"). Id.[1] On February 6, 2007, RJDCC placed petitioner in
administrative segregation. (Doc. 6 at 16.) While in administrative segregation, petitioner received
a complete set of his trial transcripts from the counselor assisting him with his appeal. (Doc. 6 at 17.)

On October 23, 2007, RJDCC notified petitioner that he would be transferred to the Kern
Prison. Id. at 17-18. Due to wildfires in the area, petitioner did not receive the standard twenty four
hour notice of his transfer. Id. at 21. Instead, a corrections officer woke petitioner up in the middle
of the night and told him to place all of his belongings in a sheet and prepare for an immediate
transfer. Id. Petitioner brought the sheet containing some of his belongings, including his legal
materials, as well as a box containing additional items, to Corrections Officer Frederick for shipping.
Id. at 18. The box was ultimately placed on the bus that transported petitioner to the Kern Prison.
Id. Corrections Officer Frederick placed all of petitioner's legal materials, including his trial
transcripts, in a separate box that did not get transferred with petitioner. Id. Officer Frederick did
not follow the standard procedure of generating a log-inventory form to track petitioner's

---

[1] In his FAP, petitioner asserted that the conduct complained of occurred during his direct
appeals, rather than the collateral attack stage of the appeals process. (Doc. 6 at 14.)

1   belongings.  Id.  Furthermore, when petitioner requested a property receipt, a prison official

2   informed him there was no time to issue a receipt because the wildfires had started to shut the roads

3   down.  Id. at 21.  Approximately seven days after his initial transfer, the Kern Prison transferred

4   petitioner back to RJDCC.  Id. at 18.

5        Petitioner claims he never received the box containing his legal materials.  As a result,

6   petitioner was impeded from collaterally attacking his conviction within the one year time limit

7   imposed by AEDPA.

8

9   **III.**    **DISCUSSION**

10

11        Respondents move to dismiss petitioner's claim on the grounds that petitioner failed to

12   exhaust state remedies prior to filing his habeas petition and failed to state a claim.  In his

13   opposition, petitioner asserts the instant claim has been fully exhausted in state court and

14   respondents' argument regarding petitioner's failure to exhaust state court remedies applies to a

15   different claim that petitioner pursued in state court.

16        Before the Court can rule on respondents' motion, the Court must determine whether it has

17   jurisdiction over the instant matter.  Under 28 U.S.C. §2254, federal courts may "entertain an

18   application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a

19   State court only on the ground that he is in custody in violation of the Constitution or laws or treaties

20   of the United States."  28 U.S.C. §2254(a).  The Supreme Court has explained that "[c]hallenges to

21   the validity of any confinement or to particulars affecting its duration are the province of habeas

22   corpus."  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  By contrast, "requests for

23   relief turning on circumstances of confinement may be presented in a §1983 action."  Id; see also

24   Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("a §1983 action is a proper remedy for a state

25   prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the

26   fact or length of his custody.").

27        The Ninth Circuit recently reiterated that a prisoner's state imprisonment is insufficient by

28   itself to confer jurisdiction on federal courts under §2254.  Bailey v. Hill, -F.3d-, No. 09-35450 (9 th

Cir. Mar. 25, 2010).  In Bailey, the Court found that the statutory language *"in custody in violation*

*of the Constitution or laws or treaties of the United States*…explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody."  Id; see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a §1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.")

In the instant petition, petitioner claims respondents did not follow the proper procedure for safekeeping inmate belongings and lost petitioner's legal materials as a result.  Petitioner now seeks to have those materials replaced or be awarded monetary damages so he can purchase new materials. Petitioner further requests a court order stating he is entitled to equitable tolling when he ultimately seeks federal review of his conviction.  However, petitioner does not seek such federal review here.

The Court recognizes that petitioner has alleged facts which may be sufficient to state a a constitutional claim under §1983.  It is well settled that prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 350 (1996).   That right "prohibit[s] state prison officials from actively interfering with inmates' attempts to prepare legal documents."  Id. However, while petitioner contends respondents violated that right during his confinement, he does not claim that violation affects the validity or duration of his confinement.  Accordingly, the claim is not cognizable on federal habeas and the instant petition for writ of habeas corpus must be DISMISSED.

## IV.    CONCLUSION

Based on the foregoing analysis, the Court RECOMMENDS the instant petition be DISMISSED.  The Court further RECOMMENDS respondents' Motion to Dismiss be DENIED as moot.   This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, the Honorable Michael M. Anello, pursuant to the provisions of 28 U.S.C § 636 (b)(1) (2007) and Local Rule 72.1 (d).

**IT IS HEREBY ORDERED** that no later than **April 30, 2010**, any party may file and serve written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objection shall be filed and served no later than **seven days** after being served with the objections.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

DATED:  March 29, 2010

_____

LOUISA S PORTER
United States Magistrate Judge

cc:       The Honorable Michael M. Anello
          all parties