# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MEDINA,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br><br><br><br><br><br><br><br><br><br><br>JAMES WALKER,[1] Warden, et al.,<br><br>　　　　　　　　Respondents. | CASE NO. 09cv1861-MMA(POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 15]<br><br>**DENYING AS MOOT RESPONDENTS' MOTION TO DISMISS;**<br><br>[Doc. No. 11]<br><br>**DENYING AS MOOT PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>[Doc. No. 16]<br><br>**DISMISSING FIRST AMENDED PETITION.**<br><br>[Doc. No. 6] |

---

[1] Petitioner is incarcerated at California State Prison – Sacramento. A writ of habeas corpus acts upon the custodian of the state prisoner. *See* 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. In compliance with this Court's September 14, 2009 Order [Doc. No. 4], Petitioner correctly names in his First Amended Petition [Doc. No. 6] James Walker, current Warden of CSP – Sacramento, as the proper respondent in this matter.

Petitioner Raymond Medina, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2254, superseded by his First Amended Petition ("FAP") [Doc. No. 6]. Respondent filed a motion to dismiss [Doc. No. 11] the FAP. The matter was referred to United States Magistrate Judge Louisa S. Porter for preparation of a Report and Recommendation [Doc. No. 15] pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3.

## DISCUSSION

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b) (1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). When no objections are filed, as is the case here, a district court may assume the correctness of the magistrate judge's factual findings and decide the motion on the applicable law. *Johnson v. Nelson*, 142 F.Supp.2d 1215, 1217 (S.D.Cal. 2001) (citing *Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir. 1989)). Having reviewed the magistrate judge's well-reasoned report, the Court **ADOPTS** the Report and Recommendation in its entirety.

The magistrate judge correctly determined that Petitioner's FAP is subject to dismissal because he fails to state a cognizable claim for relief, depriving the Court of subject matter jurisdiction. To invoke habeas corpus review by a federal court, a petitioner must satisfy two jurisdictional requirements: (1) the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court;" and (2) the substantive requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The FAP does not satisfy the second requirement. Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief and the Court shall dismiss the FAP in accordance with the magistrate judge's recommendation.

As noted above, Petitioner did not file objections to the Report and Recommendation. It appears that he filed a renewed motion for appointment of counsel in lieu of objections [Doc. No. 16]. Petitioner states in his declaration in support of the motion that he received the Report and

Recommendation but he does not understand its implications and therefore he requires the assistance of an attorney in preparing a second amended petition stating a cognizable habeas claim.  (*See Petitioner's Decl'n*., para.3.)  Due to the nature of Petitioner's claims, as discussed above, any further amendment of his habeas petition would be futile and the FAP shall be dismissed.  As such, the Court **DENIES** Petitioner's motion for appointment of counsel as moot.[2]

### CONCLUSION

Based on the foregoing, the Court **DISMISSES** the First Amended Petition for failure to state a claim upon which relief may be granted.  **The dismissal is without prejudice to Petitioner filing a separate civil rights complaint pursuant to 42 U.S.C. § 1983, which will be assigned a separate civil case number.**[3]  The Court instructs the Clerk to attach to this order and forward to Petitioner a copy of the civil rights form complaint used in this District, as well as the cover sheet providing instructions for filing.

**IT IS SO ORDERED**.

DATED:  May 18, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge

---

[2] Furthermore, the Court echoes the sentiments of the magistrate judge expressed in her order denying Petitioner's original motion for appointment of counsel – Petitioner has a sufficient understanding of the issues, evidenced by his filings, such that the interests of justice do not demand appointment of counsel in this case.  (*See October 28, 2009 Order*, Doc. No. 8, p.2.)

[3] The Court has discretion to construe the FAP as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (holding that district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), *superceded by statute on other grounds as recognized in Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  However, because Petitioner does not articulate clearly which of his constitutional rights may have been violated as a result of Respondents' alleged actions, the Court shall not construe the FAP as a civil rights complaint.