# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MEDINA,<br><br>  Petitioner,<br><br>vs.<br><br>JAMES WALKER, Warden, et al.,<br><br>  Respondents. | CASE NO. 09cv1861-MMA(POR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION;**<br><br>[Doc. No. 20]<br><br>**DENYING AS MOOT PETITIONER'S MOTION FOR RULING**<br><br>[Doc. No. 22] |

Petitioner Raymond Medina, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2254, superseded by his First Amended Petition ("FAP") [Doc. No. 6]. Respondent filed a motion to dismiss [Doc. No. 11] the FAP. The matter was referred to United States Magistrate Judge Louisa S. Porter, who prepared a thoughtful and well-reasoned Report and Recommendation [Doc. No. 15] pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. The Court adopted the Report and Recommendation and dismissed Petitioner's FAP, without prejudice to Petitioner filing a separate civil rights complaint pursuant to 42 U.S.C. § 1983, after determining that Petitioner's claims challenge the conditions of his confinement, not the fact or duration of that confinement. Petitioner now moves the Court for reconsideration of its order, and requests that the Court construe his FAP as a properly filed civil

rights complaint.[1]

## DISCUSSION

Petitioner acknowledges that his FAP does not state a cognizable claim for habeas relief, and he urges the Court to consider his petition a civil rights complaint rather than dismiss his case. According to Petitioner, the essence of his claim is that prison officials violated his First Amendment rights by losing his criminal transcripts.  He invokes the liberal pleading standard applied to *pro se* petitioners, explaining that he resides in segregated housing and takes various psycho tropic medications which sedate him and make it difficult for him to concentrate.

"Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt," *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), "[i]n giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

While a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), it is not appropriate to do so in this case.  Petitioner's FAP does not include the information necessary to state a civil rights violation, and the additional clarification offered by Petitioner in his motion for reconsideration is insufficient to remedy its deficiencies.  The FAP does not link the named respondent to the claim, does not name additional defendants or state who actually committed the violation complained of, and does not include a prayer for relief, such as damages or injunctive relief or both.  Accordingly, dismissal of the FAP remains appropriate.  The dismissal remains without prejudice to Petitioner filing a separate civil rights complaint pursuant to

---

[1] Petitioner subsequently filed a motion requesting that the Court rule on his motion for reconsideration.  Based on the ruling herein, the Court **DENIES AS MOOT** Petitioner's subsequent motion [Doc. No. 22].

1  42 U.S.C. § 1983, which will be assigned a new civil case number.

2  Before filing his complaint, Petitioner must ensure that he has exhausted all of his administrative remedies. The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by 1997e(a) is now mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 532. The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 94 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. *Id.* 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's motion for reconsideration. The Court instructs the Clerk to attach to this order and forward to Petitioner a copy of the civil rights form complaint used in this District, as well as the cover sheet providing instructions for filing.

**IT IS SO ORDERED**.

DATED: September 3, 2010

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge